Argued and submitted August 17, affirmed September 12, 1984

## DAMES,
*Respondent,*

*v.*

## CITY OF MEDFORD,
*Petitioner.*

(83-099; CA A32514)

687 P2d 1111

Eugene F. Hart, Jr., Medford, argued the cause and filed the brief for petitioner.

William S. Dames, Medford, argued the cause for respondent William S. Dames, pro se. With him on the brief was Dames & Dames, Medford.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Dames appealed to the Land Use Board of Appeals (LUBA) from the city's decision to enter into a contract for the widening of a street. Pursuant to ORS 197.845, LUBA ordered the street-widening project stayed while the appeal was pending and required Dames to post a $5,000 bond. LUBA found in the city's favor on the merits of the appeal and affirmed the decision. The city then moved for attorney fees and damages. It appeals from LUBA's denial of that motion, and we affirm.

ORS 197.845 provides:

"Upon application of the petitioner, the board may grant a stay of a land use decision under review if the petitioner demonstrates:

"(a)    A colorable claim of error in the land use decision under review; and

"(b)    That the petitioner will suffer irreparable injury if the stay is not granted.

"(2)    If the board grants a stay of a quasi-judicial land use decision approving a specific development of land, it shall require the petitioner requesting the stay to give an undertaking in the amount of $5,000. The undertaking shall be in addition to the filing fee and deposit for costs required under ORS 197.830(7). The board may impose other reasonable conditions such as requiring the petitioner to file all documents necessary to bring the matter to issue within specified reasonable periods of time.

"(3)    If the board affirms a quasi-judicial land use decision for which a stay was granted under subsections (1) and (2) of this section, the board shall award reasonable attorney fees and actual damages resulting from the stay to the person who requested the land use decision from the local government, special district or state agency, against the person requesting the stay in an amount not to exceed the amount of the undertaking.

"(4)    The board shall limit the effect of a stay of a legislative land use decision to the geographic area or to particular provisions of the legislative decision for which the petitioner has demonstrated a colorable claim of error and irreparable injury under subsection (1) of this section. The board may impose reasonable conditions on a stay of a legislative decision, such as the giving of a bond or other

undertaking or a requirement that the petitioner file all documents necessary to bring the matter to issue within a specified reasonable time period."

LUBA found that the city's "decision was administrative or legislative and not quasi-judicial." Accordingly, ORS 197.845(4), rather than ORS 197.845(3), applies to the city's motion for attorney fees and damages. *But see* note 2, *infra.* LUBA stated:

"Because the city's decision was legislative, we have considerable discretion in the award of damages. * * * Our discretion must be exercised carefully. An award of attorneys fees and damages must be measured against the possible chilling effect such awards might have on the public's right to appeal legislative decisions and to request they be stayed pending review.

"At a minimum, we believe proof of damages claimed must be clear and must show the moving jurisdiction actually suffered the damages claimed because of the stay. The public right, granted by statute, to challenge the exercise of legislative power should not be hindered by money awards which are not justified considering all the circumstances of a particular case. We add the power afforded us under these circumstances includes the power to award no damages." (Footnotes omitted.)

LUBA then reviewed the city's evidence and determined that the "amounts claimed represent not actual damages, but estimated damages." LUBA concluded:

"In sum, we do not find a statutory mandate to require a bond and to award money for attorneys fees and damages in stays of legislative decisions. We do not find the city has given proof that the damages it suffered are actual damages. For these reasons, we deny the motion."

The city's sole argument in its appeal to this court is that LUBA was mistaken in its conclusion that the evidence was insufficient to show actual damages and, therefore, that LUBA's "order is unlawful in substance because it is based on a misunderstanding of the law with respect to proof of damages" and should be reversed and remanded pursuant to ORS 197.850(9)(a).[1] Dames argues that LUBA's decision was

---

[1] We emphasize that the city does not challenge LUBA's conclusion that the land use decision was legislative. It also agrees that LUBA has discretion under ORS 197.845(4) to award no damages or attorney fees.

not based only on its evaluation of the sufficiency of the city's evidence of actual damages, but was also an exercise of discretion and an invocation of the policy against the "chilling effect [an award] might have on the public's right to appeal legislative decisions * * *."

LUBA's order does discuss both its discretion whether to award attorney fees and damages under ORS 197.845(4) and its conclusion that the city's evidence was insufficient to show actual damages. Although there is language in the order that *could* be read as making it less than clear which of the two grounds was the basis for LUBA's denial of the motion, we conclude that the order shows that LUBA decided against an award as a discretionary matter. LUBA denied *both* attorney fees and damages. Nothing in the order suggests that LUBA considered the documentation in support of the motion for attorney fees to be unsatisfactory. If LUBA did not regard its discretion to deny any attorney fees and damages as an independent and sufficient basis for its action, the order would have had to address the evidence concerning attorney fees as well as the evidence of actual damages. We therefore construe LUBA's comments on the sufficiency of the city's evidence of damages as surplusage, and we decline to address the merits of those comments.[2]

---

[2] It is also unnecessary, for purposes of this opinion, to decide whether LUBA even has discretion under ORS 197.845(4) to award attorney fees and damages when a stay is issued in an appeal from a legislative land use decision. LUBA stated in a footnote to its order:

"One member of the Board believes we lack the authority to make an award of attorneys fees and damages under ORS 197.845 where the decision is legislative. ORS 197.845(4) gives the Board authority to order an undertaking when granting a stay of a legislative decision, but there is no authority to award attorney fees or damages. The minority view is that the issue of attorneys fees and damages under the bond is a matter for a separate proceeding between the parties. While the majority believes our authority includes power to make an award as requested here, our view is not without doubt."

We share LUBA's doubts. ORS 197.845(2), (3) and (4) are clearly designed to distinguish between the protective measures that are available to LUBA when it issues stays in appeals from quasi-judicial and legislative land use decisions, respectively. Subsection (2) provides that, upon granting a stay of a quasi-judicial decision, LUBA *shall* require the petitioner who requested the stay to file a $5,000 undertaking. Subsection (3) provides that, in cases when a stay is granted in an appeal from a quasi-judicial decision that LUBA affirms, LUBA "*shall* award reasonable attorney fees and actual damages resulting from the stay to the person who requested the land use decision from the local government * * *." (Emphasis supplied.) Subsection (4) provides that, in issuing stays in appeals from legislative land use decisions, LUBA

## Affirmed.

"*may* impose reasonable conditions" (emphasis supplied), including "the giving of a bond or other undertaking."

ORS 197.845(4) was adopted through the same section of the same act as ORS 197.845(3). Or Laws 1983, ch 827, § 34. Unlike subsection (3), subsection (4) does not expressly confer or make reference to LUBA's authority or responsibility to award attorney fees or damages. The only basis for thinking that the legislature might have intended that LUBA be able to make an award under subsection (4) is that the bond or other undertaking the subsection authorizes LUBA to require must be intended to secure *something*. However, it is difficult to construe subsection (4) as giving LUBA the authority to do exactly what subsection (3) expressly authorizes and requires it to do and that subsection (4) does not mention. As noted above, we are not called on to decide here whether that difficulty is an insurmountable one.